# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

RONALD SATISH EMRIT,

      Plaintiff,

vs.

SPRING MOUNTAIN TREATMENT CENTER,

      Defendant.

Case No. 2:18-cv-01408-GMN-VCF

**ORDER**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 2) AND COMPLAINT (EFC NO. 1)

    Before the Court are Plaintiff Ronald Satish Emrit's application to proceed *in forma pauperis* (ECF No. 2) and complaint (ECF No. 1). For the reasons stated below, Plaintiff's *in forma pauperis* application is granted. The Court, however, orders that Plaintiff's complaint be dismissed without prejudice.

## DISCUSSION

    Plaintiff's filings present two questions: (1) whether Plaintiff may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Plaintiff's complaint states a plausible claim for relief. Each is discussed below.

**I.    Plaintiff May Proceed *In Forma Pauperis***

    Plaintiff's application to proceed *in forma pauperis* is granted. Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." According to Plaintiff's affidavit, he receives monthly disability payments that do not cover his monthly expenses. (ECF No. 1). Plaintiff's application to proceed *in forma pauperis* is, therefore, granted.

## II. Section 1915(e) Screening

Because the Court grants Plaintiff's application to proceed *in forma pauperis*, the Court must review Plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain…a short and plain statement of the grounds for the court's jurisdiction." If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff brings negligence and intentional infliction of emotional distress claims against Spring Mountain Treatment Center. (ECF No. 1 at 1, 3). Spring Mountain Treatment Center's principal place of business is Nevada. (*Id.* at 2). Plaintiff states that he is a "resident of the state of Nevada." (*Id.*). However, Plaintiff also states is current mailing address is in Maryland, he anticipates moving to Iowa, and his most recent address on file with the Court is in Texas, though that mailing address appears to no longer be correct. (*Id.*; ECF No. 11). Plaintiff asserts that the federal courts have jurisdiction over this case because "there is complete diversity of jurisdiction between the Plaintiff and the sole defendant" and "this proceeding involves a discussion of the Health Insurance Portability and Accountability Act (HIPAA) in addition to the Affordable Care Act." (ECF No. 1 at 3).

Federal courts have limited jurisdiction and are only able to hear cases authorized by the Constitution and Congress. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1195-96 (9th Cir. 2016). The general bases for federal jurisdiction are (1) the action arises under federal law or that (2) all plaintiffs are diverse in citizenship from all defendants and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332.

Plaintiff's complaint does not contain a short and plain statement of the grounds for the court's jurisdiction. Plaintiff brings state law claims against Defendant. Though the case may involve a discussion of federal healthcare laws, Plaintiff's claims are not based on these laws. In addition, it does not appear that the Court has diversity jurisdiction in this case. Plaintiff asserts that both he and the Defendant reside in Nevada. However, the Court's diversity jurisdiction is based on citizenship rather than residency. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001). Plaintiff fails to address his state citizenship, which is especially critical information in light of the many different addresses associated with him.

This deficiency may be cured by allowing the Plaintiff an opportunity to file an amended complaint containing the necessary facts. However, the Court cautions Plaintiff that the Court's jurisdiction will be determined by Plaintiff's citizenship at the time that the complaint was filed in this case. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004). Any subsequent change of citizenship will not be taken into account by the Court.

Accordingly, and for good cause shown,

IT IS ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff has until October 8, 2018 to file an Amended Complaint. Failure to timely file an Amended Complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an Amended Complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the Amended Complaint. The Court will issue a screening order

on the Amended Complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

**NOTICE**

Under Local Rule IB 3-2, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. (*See Thomas v. Arn*, 474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (*See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

Pursuant to LSR 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

IT IS SO ORDERED.

DATED this 7th day of September, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE